UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                    No.  15-CR-651 (LTS)

XHEM HOTI,

        Defendant.

-------------------------------------------------------x

MEMORANDUM ORDER

The Court has received Defendant Xhem Hoti's motion for a reduction in sentence pursuant to 18 U.S.C. section 3582(c)(1)(A).  (Docket entry no. 110, the "Motion.")  On April 28, 2016, upon pleading guilty, Mr. Hoti was convicted of one count of carjacking in violation of 18 U.S.C. section 2119.  (Docket entry no. 49.)  On July 25, 2016, the Court sentenced him principally to a total of 87 months of imprisonment, to be followed by a three-year supervised release term.  (Docket entry no. 77.)  Mr. Hoti is currently incarcerated at the United States Penitentiary Coleman II ("USP Coleman II," a high security correctional facility in Florida) and, according to the Bureau of Prisons ("BOP") website, is currently scheduled to be released from BOP custody on January 23, 2023.  BOP, Find an inmate, https://www.bop.gov/inmateloc/ (last visited June 23, 2021).

Mr. Hoti seeks immediate release from custody, claiming that the COVID-19 pandemic, Mr. Hoti's health conditions (including an H. pylori bacterial infection and mild brain atrophy), the BOP's refusal to enroll him in its Medication-Assisted Treatment (MAT) program for substance abuse, and Mr. Hoti's experience of physical violence and unwanted sexual advances in custody constitute "extraordinary and compelling reasons" to reduce his sentence.  (See Motion at 5; docket entry no. 113 ("Supp. Mot.") at 1-4; docket entry no. 117 ("Reply") at

1-5; docket entry no. 122 ("Supp. Reply") at 1-5.)  On April 23 and June 2, 2021, the

Government filed papers in opposition to the Motion.  (Docket entry no. 114 ("Opp."); docket

entry no. 121 ("Supp. Opp.").)  The Court has reviewed the parties' submissions carefully and,

for the following reasons, Mr. Hoti's Motion is denied.


## DISCUSSION

Mr. Hoti seeks an order directing his compassionate release under 18 U.S.C.

section 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully
> exhausted all administrative rights to appeal a failure of the Bureau of
> Prisons to bring a motion on the defendant's behalf or the lapse of 30 days
> from the receipt of such a request by the warden of the defendant's
> facility, whichever is earlier, may reduce the term of imprisonment . . .
> after considering the factors set forth in section 3553(a) to the extent that
> they are applicable, if it finds that . . . extraordinary and compelling
> reasons warrant such a reduction . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 117-17).  The Court therefore considers "the

factors set forth in section 3553(a) to the extent that they are applicable," and then considers, in

light of those factors, whether the defendant's proffered "extraordinary and compelling reasons"

for a sentence reduction warrant such a reduction.  The Court may consider "the full slate of

extraordinary and compelling reasons that an imprisoned person might bring before [it] in

motions for compassionate release" in determining whether those reasons warrant a sentence

reduction.  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  "The defendant has the

burden to show he is entitled to a sentence reduction" under section 3582(c)(1)(A).  United

States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

The Court's consideration of the section 3553(a) factors[1] at the time of Mr. Hoti's sentencing hearing, on July 25, 2016, is reflected in the transcript of that hearing. As to the nature and circumstances of the offense, the Court noted that Mr. Hoti participated in a "very serious," "preplanned" carjacking during which the perpetrators brandished a firearm and attacked one of the victims with a baseball bat. (Docket entry no. 84 ("Sentc. Tr.") at 28-29.) However, the Court also considered the facts that Mr. Hoti had experienced violence and sexual abuse as he was growing up. (Id. at 30; docket entry no. 75 ("PSR") ¶¶ 57, 106.) The Court further considered a forensic psychological report regarding Mr. Hoti (Sentc. Tr. at 15, 31-32), as well as Mr. Hoti's stated intention to take personal responsibility for his actions going forward. (Id. at 33.) Having considered those factors, as well as others stated on the record, the Court sentenced Mr. Hoti to 87 months of imprisonment (the bottom of the applicable guideline range) to be followed by a three-year term of supervised release. (Id. at 33-34.) Furthermore, in light of Mr. Hoti's history of substance use and mental health issues, the Court recommended to the BOP that Mr. Hoti "be given priority placement in an RDAP [Residential Drug Abuse Program] program" and that he "be given immediate placement in mental health treatment." (Docket entry no. 77 at 2.)

---

[1]     The sentencing factors set forth in 18 U.S.C. section 3553(a) are: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range . . . ; (5) any pertinent policy statement [issued by the Sentencing Commission in effect on the date the defendant is sentenced]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C.A. § 3553(a) (Westlaw through P.L. 117-17).

In the approximately five years since Mr. Hoti's sentencing, Mr. Hoti reports (and his medical and psychological records corroborate) that he has suffered both physical violence and unwanted sexual advances while in BOP custody.  As to physical violence, in October 2017, Mr. Hoti was punched five times in the face by another inmate, resulting "in pain, swelling and some blurry vision to the right eye, lacerations near the right eye, dizziness, and nausea" (Supp. Opp. Exs. A, B) and, in July 2019, Mr. Hoti reported that another inmate "grabbed hi[m] by the throat and hit his head on the wall," though he reported no injuries stemming from that incident to medical staff.  (Supp. Opp. Ex. A.)  As to unwanted sexual advances, in November 2017, his cellmate "grabbed [Mr. Hoti's] pants" and "tried to kiss him on the forehead twice" (id.), though, reportedly, "there was neither any physical contact or concern on behalf of Hoti that the cellmate, known to him to be mentally ill, would act upon those gestures."  (Supp. Opp. Ex. B.)  In January 2019, Mr. Hoti reported that another inmate, who was allegedly extorting him at the time, asked him on or about December 18, 2018, if he was "gay" and "willing to go down on men"; the following day, Mr. Hoti was relocated to another unit.  (Id.)

Since the date of his sentencing, Mr. Hoti has received relatively regular mental health treatment, and is reported as recently as May 2021 to be "feeling healthy, both mentally and physically."  (Supp. Opp. Ex. B.)  Though Mr. Hoti was expelled from the BOP's RDAP program in 2019 (Opp. Ex. A), he has completed several educational courses and is currently enrolled in non-residential drug abuse programming and anger management courses (id.; Supp. Opp. Ex. B) and, though in January 2021 the BOP assessed Mr. Hoti to have a "high risk recidivism level" (Opp. Ex. A), his unit manager more recently informed him that "if he continues to do well he will be put in for 12 months of [residential reentry center] placement," in advance of his anticipated January 2023 BOP release date.  (Supp. Opp. Ex. B)  The Court

considers each of these developments in weighing the applicable section 3553(a) factors in the context of this compassionate release application.

With these reports and the section 3553(a) factors in mind, the Court next considers whether Mr. Hoti's proffered extraordinary and compelling reasons warrant a reduction in his sentence. 18 U.S.C.A. § 3582(c)(1)(A).

In his opening Motion papers, Mr. Hoti raised four bases for his application for a reduction in sentence: his H. pylori bacterial infection, his brain atrophy, the BOP's refusal to enroll him in its MAT program, and the effects of the COVID-19 pandemic on his facility. (Motion at 5; Supp. Mot. at 1-4.)[2] None, when considered in light of the section 3553(a) factors, warrants a reduction in Mr. Hoti's sentence.

As to Mr. Hoti's bacterial infection, Mr. Hoti was prescribed several medications for that infection in January 2021, and there is no indication in the record that those medications have been ineffective. (Opp. Ex. B.) As to Mr. Hoti's report of "brain atrophy" (Motion at 5), an October 26, 2017, CT scan of Mr. Hoti's head "suggest[ed]" a "mild degree of atrophy that [was] slightly advanced for age" (Supp. Opp. Ex. B), but the record contains no suggestion that this "mild degree of atrophy" has affected or is affecting Mr. Hoti's wellbeing. With regard to Mr. Hoti's claim that "the BOP will not enroll [him] in its MAT Program despite the First Step Act mandating treatment for [his] opioid use disorder" (Motion at 5), though that Act directed the BOP to expand access to treatment (including medication-assisted treatment, in appropriate cases) for heroin and opioid abuse for inmates,[3] Mr. Hoti has made no showing that his case is an

---

[2]     The Government does not dispute that Mr. Hoti has exhausted his administrative remedies under section 3582(c)(1)(A) as to these issues.

[3]     "[The First Step Act] requires that the BOP develop and implement 'plans to expand access to evidence-based treatment for heroin and opioid abuse for prisoners, including

appropriate one for MAT, or that the BOP abused its discretion in declining to enroll him in that program. Crews, 2020 WL 1528502, at *4 (noting the BOP's discretion to provide MAT therapy "where deemed medically appropriate").

The threat posed by COVID-19 to Mr. Hoti, while undoubtably serious, also does not warrant a reduction in his sentence. Initially, Mr. Hoti is only 32 years old, and is thus in an age group with a relatively lower risk of severe illness from COVID-19 than that faced by older adults. United States v. Batista, No. 18-CR-319 (LTS), 2020 WL 6132239, at *4 (S.D.N.Y. Oct. 19, 2020) (collecting CDC data); United States v. Toro, No. 19-CR-299 (AT), 2020 WL 3472430, at *2 (S.D.N.Y. June 25, 2020) ("At 30 years old, Defendant is not in the age group of individuals at higher risk of serious illness from COVID-19."). Mr. Hoti also does not identify any particular health conditions which place him at a comparatively higher risk of suffering severe illness if he were to contract COVID-19. See United States v. Rhodes, No. 18-CR-373 (RJS), 2021 WL 122969, at *4 (S.D.N.Y. Jan. 13, 2021) (denying motion for compassionate release brought by 35-year-old inmate who did "not claim to have any condition that might render him at increased risk for serious complications if he were to become infected with COVID-19"). Moreover, the BOP's vaccination efforts at Mr. Hoti's facility are well underway, with 546 staff and 3661 inmates at the greater Coleman Federal Correctional Facility (which encompasses USP Coleman II and three other facilities) fully vaccinated, while only six inmates and two staff at USP Coleman II are currently reported as being positive for the virus. BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited June 23, 2021).[4] Under

---

access to medication-assisted treatment in appropriate cases.'" Crews v. Sawyer, No. 19-2541 (JWB), 2020 WL 1528502, at *2 (D. Kan. Mar. 31, 2020) (quoting First Step Act, Pub. L. 115-391, 132 Stat. 5193, 5244 (2018)).

[4]     Mr. Hoti declined the Pfizer-BioNTech vaccine on or about April 6, 2021. (Opp. Ex. B.)

these circumstances, the risk posed by COVID-19 does not amount to an extraordinary and compelling reason warranting a reduction in Mr. Hoti's sentence.

On reply, Mr. Hoti presents a further basis for his Motion: the physical violence and unwanted sexual advances he has suffered in custody. (Reply at 5; Supp. Reply at 1-5.) As the Government correctly notes (Supp. Opp. at 2), Mr. Hoti has submitted no evidence of having presented these issues in connection with his application for compassionate release to the warden of his facility. These issues are therefore unexhausted for purposes of section 3582(c)(1)(A). United States v. Williams, 987 F.3d 700, 703 (7th Cir. 2021) ("an inmate is required to present the same or similar ground for compassionate release in a request to the Bureau as in a motion to the court"); United States v. Gotti, No. 02 CR 743-07 (CM), 2020 WL 7706828, at *2 (S.D.N.Y. Dec. 29, 2020) ("a defendant must show administrative exhaustion with respect to the specific basis for relief upon which he is relying") (collecting cases); but see United States v. Torres, 464 F. Supp. 3d 651, 654-57 (S.D.N.Y. 2020) ("This Court now holds that issue exhaustion is not required.").

Even if the Court were to excuse Mr. Hoti's apparent failure to exhaust his administrative remedies, however, the Court would conclude that Mr. Hoti's reported incidents of violence and unwanted sexual advances, though very unfortunate, do not warrant a reduction in Mr. Hoti's sentence. See United States v. Brown, No. 18-CR-190-3 (VB), 2020 WL 4548045, at *1 (S.D.N.Y. Aug. 6, 2020) (addressing the merits of an unexhausted motion for compassionate release, where there was "a sufficient record before the Court," in the interest of resolving the matter expeditiously). The two unwanted sexual advances reported by Mr. Hoti do not appear to have resulted in sexual violence, and Mr. Hoti's facility reportedly responded with haste in both instances—in the first instance by promptly responding to the alarm sounded by

Mr. Hoti, and in the second instance by moving Mr. Hoti to another unit the following day. (Supp. Opp. Ex. B.)  As to the two incidents in which Mr. Hoti suffered physical violence at the hands of fellow inmates, while the Court finds those incidents unfortunate and troubling, there is no indication in the record that Mr. Hoti suffered lasting injuries from either incident, or that either of the perpetrators of those attacks remains a threat to Mr. Hoti.  In light of the section 3553(a) factors discussed above, the Court concludes that these incidents do not, without more, constitute extraordinary and compelling reasons warranting a reduction in Mr. Hoti's sentence.

Having considered the section 3553(a) factors, the bases proffered by Mr. Hoti for a sentence reduction, and the record submitted by the Government, the Court concludes that the sentence imposed on Mr. Hoti remains appropriate and consistent with section 3553(a), and that extraordinary and compelling reasons do not warrant a reduction in Mr. Hoti's sentence.

Finally, because Mr. Hoti proffers no legal or factual issues which necessitate further development by counsel on his behalf, the Court denies Mr. Hoti's request for the appointment of counsel.  See United States v. Piña, No. 01-CR-619 (VM), 2021 WL 364192, at *1 (S.D.N.Y. Feb. 3, 2021) ("For a compassionate release motion such as the one Piña contemplates, it is within the district court's discretion whether to appoint counsel."); United States v. Tirado, No. 15-CR-487-5 (GBD), 2021 WL 392029, at *3 n.3 (S.D.N.Y. Feb. 4, 2021) (denying an inmate's request for the appointment of counsel given the Court's denial of the inmate's motion for compassionate release).

<u>CONCLUSION</u>

For the reasons set forth above, Mr. Hoti's motion for compassionate release

pursuant to 18 U.S.C. section 3582(c)(1)(A) is denied.  An Order on Motion for Sentence

Reduction Under 18 U.S.C. § 3582(c)(1)(A) will also be entered.  Chambers will mail copies of

this Memorandum Order and the Order on Motion for Sentence Reduction to Mr. Hoti.

Docket entry nos. 110, 113, and 116 are resolved.

SO ORDERED.

Dated: New York, New York
      June 23, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Copy mailed to:**

Xhem Hoti
Reg. No. 72855-054
USP Coleman II
U.S. Penitentiary
P.O. Box 1034
Coleman, FL 33521